## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

Nathaniel W. Ellibee,

                    Plaintiff,

v.                                                    Case No. 04-3059-JWL

Carrie Marlett,

                    Defendant.


## MEMORANDUM & ORDER

Plaintiff, a prisoner in the custody of the State of Kansas, has filed this lawsuit alleging that defendant, an employee at the El Dorado Correctional Facility where plaintiff is incarcerated, violated plaintiff's First Amendment rights by unlawfully removing plaintiff from his position as an inmate law clerk in the facility's law library in retaliation for plaintiff's filing of several grievances against prison staff and for plaintiff's legal assistance to other inmates.   Plaintiff seeks relief pursuant 42 U.S.C. § 1983.


*Facts*

On November 20, 2003, plaintiff filed three grievances regarding the conduct of officers relating to a search of his cell during the course of searching all cells in plaintiff's cellhouse.   The next day, plaintiff's Unit Team Manager, Carrie Marlett, removed plaintiff from his position as a law clerk in the prison's library.   Plaintiff filed a grievance regarding his removal from the law clerk position.   In response to plaintiff's grievance, defendant asserted that plaintiff had been removed from his position due to "security reasons" in light of the length of time he had been

employed in the library (less than one year) as well as to "afford other inmates the chance to change job assignments and to get a change of scenery." Plaintiff was reassigned to the "Inside GU #2" position, a position that consisted of unskilled general labor, including groundskeeping, snow shoveling and sweeping. On January 6, 2004, plaintiff was transferred to the State of Texas and he transferred back to El Dorado on May 17, 2004. Upon his return to El Dorado, plaintiff was reassigned to his law clerk position in the facility's library and he retains this position today.

*Discussion*

On February 15, 2005, plaintiff, proceeding pro se, filed a motion for summary judgment. In his motion, plaintiff asserts that defendant admitted in her affidavit filed in connection with the Martinez Report that she had the sole authority to remove plaintiff from his job assignment, that she initiated the process whereby plaintiff was removed from his job assignment, and that she removed plaintiff from his position based on his filing of a number of grievances in November 2003. He further contends that the reasons provided by defendant in her response to plaintiff's grievance are pretextual. In short, plaintiff contends that there is "substantial evidence" that defendant retaliated against plaintiff for the exercise of his First Amendment rights and that there is a "reasonable probability" that a jury would make such a finding.

Defendant opposes the motion on the grounds that she did not "admit" in her affidavit that she removed plaintiff from his position on the basis of his grievances and that, in fact, her decision to remove plaintiff from his position was not done in retaliation for the filing of any grievances or other legal actions taken by plaintiff. According to defendant, then, summary judgment is

2

improper because plaintiff has not proven that "but for" the retaliatory intent of defendant, he would not have been removed from his position. *See Smith v. Maschner*, 899 F.2d 940, 949-50 (10th Cir. 1990).

The court readily concludes that plaintiff is not entitled to summary judgment. While a jury could reasonably conclude from defendant's affidavit that she removed plaintiff from his position based on the fact that he had filed three grievances on November 20, 2003, a reasonable jury could similarly conclude that defendant did not retaliate against plaintiff. Contrary to plaintiff's characterization of the affidavit, defendant did not admit that she had retaliated against plaintiff. Rather, defendant averred that plaintiff had filed a number of grievances during November 2003 and that defendant contacted plaintiff's supervisor to inquire whether plaintiff was doing his "personal legal work during the time he should be doing his prison job." Defendant avers that she did not decide to remove plaintiff in retaliation for any grievances or other legal actions or complaints filed by him. Defendant's affidavit, then, presents a factual issue regarding her motive for removing plaintiff from his position. Moreover, although plaintiff presents some interesting arguments concerning the pretextual nature of defendant's proffered reasons for removing plaintiff from his position, defendant is correct that plaintiff nonetheless has not proven the retaliatory intent of defendant. That issue, as explained above, must be resolved by a jury.

Finally, even assuming that plaintiff is correct that there is "substantial evidence" that defendant retaliated against plaintiff and that there is a "reasonable probability" that a jury would find in his favor, he still would not be entitled to summary judgment. As the party bearing the burden of proof at trial, plaintiff cannot prevail at the summary judgment stage unless the evidence

3

that he provides on all issues on which he bears the burden of proof is conclusive.  *See Torres Vargas v. Santiago Cummings*, 149 F.3d 29, 35-36 (1st Cir. 1998); *accord Martin v. Alamo Community College Dist.*, 353 F.3d 409, 412 (5th Cir. 2003) (plaintiff is not entitled to summary judgment unless he proves "beyond peradventure all of the essential elements" of his claim to warrant judgment in his favor); *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) ("When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it  . . . must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party.").  As explained above, plaintiff's evidence is not conclusive and, thus, he is not entitled to summary judgment.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for summary judgment (doc. #68) is denied.

**IT IS SO ORDERED** this 19th day of April, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

4