# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Nathaniel W. Ellibee,**

   **Plaintiff,**

**v.**               **Case No. 04-3059-JWL**

**Carrie Marlett,**

   **Defendant.**

## **MEMORANDUM & ORDER**

   Plaintiff, a prisoner in the custody of the State of Kansas, has filed this lawsuit alleging that defendant, an employee at the El Dorado Correctional Facility where plaintiff is incarcerated, violated plaintiff's First Amendment rights by unlawfully removing plaintiff from his position as an inmate law clerk in the facility's law library in retaliation for plaintiff's filing of several grievances against prison staff and for plaintiff's legal assistance to other inmates. Plaintiff seeks relief pursuant 42 U.S.C. § 1983.

   On February 15, 2005, plaintiff, proceeding pro se, filed a motion for summary judgment on the grounds that there existed "substantial evidence" that defendant retaliated against plaintiff for the exercise of his First Amendment rights and a "reasonable probability" that a jury would make such a finding. The court denied plaintiff's motion on the grounds that material factual issues existed with respect to whether defendant retaliated against plaintiff and plaintiff, as the party bearing the burden of proof at trial, had not come forward with the requisite "conclusive" evidence on all issues.

   Plaintiff now moves the court to reconsider its order. In support of his motion, plaintiff

first contends that the court erroneously relied on the law from Circuits outside the Tenth Circuit in requiring plaintiff, as the party bearing the burden of proof at trial, to come forward with "conclusive" evidence on all issues on which he bears the burden of proof.  While the court cited in its order to cases from the First, Fifth and Eleventh Circuits, there is no indication that the law in the Tenth Circuit would be any different than the law referenced by the court.  Certainly, Tenth Circuit precedent requires plaintiff, as the party moving for summary judgment, to show the absence of a genuine issue of material fact.  *See Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1196 (10th Cir. 2005).  As the court highlighted in its order denying plaintiff's motion for summary judgment, plaintiff failed to meet his burden as the evidence in the record before the court presented a factual issue regarding defendant's motive for removing plaintiff from his position.  Under Tenth Circuit law, then, plaintiff is not entitled to summary judgment.

The remainder of plaintiff's motion to reconsider simply advances factual arguments that plaintiff presented to the court in his motion for summary judgment.  As the Tenth Circuit has cautioned, a motion to reconsider is not appropriate to revisit issues already addressed.  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).  As the court has already addressed the arguments raised by plaintiff in his motion to reconsider, it need not revisit those arguments here.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for reconsideration (doc. #88) of the court's order denying plaintiff's motion for summary judgment is denied.

**IT IS SO ORDERED** this 1st day of July, 2005.

                                              <u>s/ John W. Lungstrum</u>
                                              John W. Lungstrum
                                              United States District Judge